UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE HOWARD ST. THOMAS, | ) | Case No.:  4:23 CV 2007 |
| *Pro Se*, | ) | |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OHIO, *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants | ) | AND ORDER |

## I.  INTRODUCTION

*Pro Se* plaintiff Dwayne Howard St. Thomas filed this *in forma pauperis* action against the

State of Ohio; Gina Thomas, Trumbull County Assistant Prosecutor; Dennis Watkins, Trumbull

County Prosecutor; and Judge Sean J. O'Brien (Doc. No. 1).

For the reasons that follow, the Court dismisses the action.

## II.  BACKGROUND

Plaintiff's complaint contains very few factual allegations. In the statement of his claim,

Plaintiff states that he gave no entity or individual the "right to administrate [his] property," and he

asked the judge for the nature and cause of action and under which jurisdiction the Court operates.

(*Id.* at 4). Plaintiff states that he "accepted for value return for value all the charging instruments in

this matter" and that he does not dispute the facts contained in the charging instruments. (*Id.* at 5). Plaintiff alleges that Defendants' actions constitute "a condition of contract under criminal aspects of admiralty jurisdiction." (*Id.*).

Plaintiff seeks monetary damages.

### III.  DISCUSSION

### A. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the

speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### B. Analysis

As an initial matter, the complaint consists only of bare, conclusory assertions, providing no facts upon which a court could find the defendants engaged in any wrongdoing.

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *Id.*

Here, Plaintiff's complaint, even liberally construed, fails to meet the most basic pleading standard under Rule 8. The complaint fails to connect any alleged occurrence to any specific, cognizable injury, and Plaintiff fails coherently to identify how the defendants have harmed him. Plaintiff's pleading is nothing more than a mere "unadorned, the defendant unlawfully harmed me accusation." *Iqbal,* 556 U.S. at 678. Therefore, Plaintiff's complaint lacks an arguable basis in fact, and it fails to state a claim on which the Court may grant relief.

Additionally, to the extent Plaintiff attempts to invoke the Court's admiralty jurisdiction, his claim is legally and factually frivolous. Federal district courts have original jurisdiction over all civil admiralty and maritime cases. *See* 28 U.S.C. § 1333(1). Admiralty jurisdiction, however, requires a factual connection to navigable waters. *Kossick v. United Fruit Co.*, 365 U.S. 731, 736, 81 S. Ct. 886, 6 L. Ed. 2d 56 (1961); *Moore v. Child Support Enforcement Agency*, N.D.Ohio No. 1:14 CV 1266, 2014 U.S. Dist. LEXIS 160307, at *8 (Nov. 10, 2014). Even where the cause of action concerns a contract dispute, the purported contract must relate to "ships and vessels, masters and mariners, as the agents of commerce." *Horizon Ins. Co. v. Kinsman Marine Transit Co.*, 256 F. Supp. 9, 12 (N.D. Ohio 1965) (internal quotation marks and citation omitted). Moreover, "even in cases where jurisdiction is invoked via a contract which is traditionally 'maritime' in nature, the issue must still retain some connection to navigable waters or maritime commerce." *In re Fields*, 967 F. Supp. 969, 974 (M.D. Tenn. 1997); *see also New Hampshire Ins. Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420 (6th Cir. 2009). Here, there is no suggestion of a claim or contract pertaining to navigable waters or maritime commerce. Admiralty jurisdiction is therefore inapplicable.

And finally, even if Plaintiff satisfied Rule 8 pleading requirements, Plaintiff cannot maintain

-4-

an action against any of the defendants because they are immune from suit. The Eleventh Amendment is an absolute bar to the imposition of liability upon states and state agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). Under the Eleventh Amendment, federal courts lack jurisdiction to hear suits by private citizens against a state unless the state explicitly consents to the suit or unless Congress, pursuant to a valid exercise of power, abrogates the states' sovereign immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304, 110 S. Ct. 1868, 109 L. Ed. 2d 264 (1990). Ohio has not waived its sovereign immunity. *McCormick v. Miami Univ.*, 693 F.3d 654, 664 (6th Cir. 2012). The State of Ohio is therefore absolutely immune from suits for damages.

Judges and prosecutors also enjoy immunity from civil suits for damages. It is well established that judges are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, there are virtually no facts concerning Judge O'Brien's purported misconduct. And consequently, Plaintiff gives no indication that Judge O'Brien was acting in any capacity other than that of a judge when the conduct alleged in the complaint occurred or that such conduct was taken in complete absence of all subject matter jurisdiction of the court over which he presides. Judge O'Brien is therefore absolutely immune from damages in this action.

Prosecutors are absolutely immune from liability under Section 1983 for their conduct in "'initiating a prosecution and in presenting the State's case.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). So long as the prosecutor was engaged in prosecutorial functions, he or she is absolutely immune regardless of whether he or she undertook actions maliciously, in bad faith, or with an improper motive. *See Imbler*, 424 U.S. at 427 & n.27, 431 & n.34 (prosecutor immune after knowingly presenting perjured testimony and suppressing exculpatory evidence at trial); *Joseph v. Patterson*, 795 F.2d 549, 555 (6th Cir. 1986) (prosecutor immune after "knowingly obtaining issuance of criminal complaints and arrest warrants . . . based on false, coerced statements"); *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (prosecutor immune for deciding to investigate and conspiring to present false charges to the grand jury, allegedly to satisfy a campaign promise to be tough on child abuse). Prosecutorial functions include participation in probable cause hearings, grand jury hearings, pretrial proceedings, witness preparation, and trials. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). A supervising prosecutor is also absolutely immune to claims stemming from his supervision of other prosecutors. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344, 129 S. Ct. 855, 172 L. Ed. 2d 706 (2009) (stating that, although the supervision of prosecutors is an administrative function, it is "directly connected with the conduct

of a trial").

Once again, Plaintiff's complaint is almost completely devoid of facts concerning the conduct of Assistant Prosecutor Thomas or Prosecutor Watkins. Plaintiff appears to take issue with a "charging instrument." The Court liberally construes this claim as Plaintiff's objection to the manner in which the prosecutors initiated a prosecution or presented the state's case. These claims concern typical prosecutorial functions for which both prosecutors are immune. And Prosecutor Watkins is absolutely immune from claims related to both his personal conduct as a prosecutor, as well as his conduct as a supervisor to the assistant prosecutor, because at all times he was performing prosecutorial functions. *See Burns*, 500 U.S. at 486; *Imbler*, 424 U.S. at 427 & n.27, 431 & n.34.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and dismisses this action pursuant to 28 U.S.C. §1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*S/SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

February 2, 2024